IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 15, 2007

## PAUL S. BUSH v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Macon County**
**Nos. 04-190, 04-191      J. O. Bond, Judge**

**No. M2006-02442-CCA-R3-PC - Filed November 5, 2007**

The petitioner, Paul S. Bush, appeals the dismissal of his petition for post-conviction relief and contends that he received ineffective assistance of counsel regarding his guilty plea. Specifically, the petitioner argues that counsel met with him only three or four times, failed to sufficiently review the plea agreement with him, told him he had to take the plea, made no attempt to have him mentally evaluated, failed to file a motion to suppress, and failed to review discovery materials with him prior to entering his guilty plea. After careful review, we conclude that no error exists and affirm the judgment from the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Comer L. Donnell, District Public Defender, and Thomas H. Bilbrey, Assistant Public Defender, for the appellant, Paul S. Bush.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Linda D. Walls and Howard L. Chambers, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

The petitioner pled guilty to one count of aggravated burglary, a Class C felony, and one count of burglary, a Class D felony. He was sentenced to consecutive four-year terms for each conviction as a Range I, standard offender for the aggravated burglary conviction and as a Range II, multiple offender for the burglary conviction.

During the post-conviction hearing, the petitioner testified that counsel was appointed to represent him and that, prior to entering his guilty plea, they met at her office three or four times.

The petitioner said that he left messages with counsel that went unreturned and that, rather than make appointments with counsel, he would just go to her office in hopes of finding her there. He advised counsel that he had a history of mental illness, including time spent in a mental hospital and the taking of medication. He said counsel should have had him evaluated based on his addiction and mental health history.

He said that counsel told him the State had adequate evidence against him, provided him with a copy of the discovery materials, and advised him of the charges against him. He said she told him that he was taking the eight-year plea, regardless. He contends that he wanted to go to trial, but counsel told him he had to sign the plea agreements. He said he signed them because he thought she would know better. He was unsure if counsel told him he could have a jury trial.

He said he did not know what evidence the State had against him, but counsel told him it was "enough." He said counsel did not advise him about the range of sentencing. The petitioner also testified that he believed counsel should have had him mentally evaluated based on his prior history of drug addiction and mental illness. He also said a motion to suppress should have been filed regarding a warrantless search of some of his property and concerning statements he made to police. He said that he wanted to have a jury trial if awarded post-conviction relief and that he understood he might receive a more substantial sentence than the one he was presently serving.

During cross-examination, the petitioner testified that this was not his first time in a courtroom because he had prior convictions in a different county. He said he entered pleas on the prior convictions but that counsel then did not force him to enter the pleas. He said that he did not understand what was going on because he did not have a "degree in attorney"; otherwise, he would have represented himself. He said he wanted a trial because he did not feel that he was adequately represented. He said that he had served eight years for prior burglary convictions. He said that counsel never told him that his sentence could be enhanced because of his prior convictions.

Next, counsel testified that she is properly licensed. In June of 2004, she opened her file in the instant case. On July 7, 2004, she reviewed the warrants in detail with the petitioner. She said she and the petitioner also reviewed statements made by the co-defendants. She spoke with the detective who investigated the case. She and the petitioner reviewed his prior offenses and his parole violations. They discussed the victims and the victims' versions of events against the petitioner's version. She said that they examined the entire request for acceptance of a guilty plea and made sure the petitioner understood that he had a right to trial. They reviewed the different ranges of sentences because there were range issues with how the petitioner would plead. Because the petitioner said he did not want to go back to prison, they set the case for trial. Counsel said it was not her preference to try the case but, when the client wants a trial, she gets ready for trial.

In preparing for trial, she contemplated filing motions to suppress but believed they would not be helpful because the petitioner was voluntarily intoxicated. She said the petitioner called her and said he wanted to enter a plea. She testified that there was no way she would ever tell a defendant that they had to take a plea.

Nothing in counsel's observation of the petitioner indicated that he might be mentally ill. She said, "He's not the sharpest knife in the drawer, but he understood about prison." He was aware of the prison vernacular about how much time it would take to complete his sentences. She believed that his plea was his choice and that it was freely and voluntarily entered.

During cross-examination, she testified she could not recall the number of times she met with the petitioner but knew they met multiple times. She said he knew he had a trial date set for October 4, 2005. She stated that she and the petitioner reviewed the statements of the petitioner and of his co-defendants. She had advised him about the contents of the plea and the possible enhancement of his sentence because of his prior convictions. Counsel testified that the petitioner understood the contents of the agreement and understood that it was his decision to take the plea. She said that they discussed the issues they had with suppressing the search because the petitioner's wife had consented to the search. She said she was sure she told the petitioner that she thought it was a good plea due to the number of charges along with his prior convictions. She did not opine to the number of years he might be sentenced to if convicted at trial. She, along with the petitioner, read the plea form twice prior to its final entry. If the petitioner had told her on the day the plea was entered that he wanted to go to trial, she would not have entered the guilty plea.

The post-conviction court found that the petitioner had the representation of an attorney who was competent to represent him and who used her expertise to his benefit. The court found that counsel had done all that could be expected and dismissed the petition.

Analysis

The petitioner argues that the post-conviction court erred in dismissing his petition for post-conviction relief. He contends that counsel was ineffective in failing to fully advise him regarding his guilty plea.

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving that (1) counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). This standard has also been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and that, but for counsel's errors, the petitioner would not have pled guilty but would have, instead, insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's

challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle the petitioner to relief. Tenn. Code Ann. § 40-30-210(f). This court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001).

Here, the petitioner contends that counsel was deficient for failing to meet with him enough, for not sufficiently discussing his plea agreement with him, for telling him he had to take the plea, for failing to have him mentally evaluated, and for not filing a motion to suppress. The post-conviction court found that the petitioner failed to meet his burden of showing either that counsel was deficient or that there was any prejudice.

The testimony during the post-conviction hearing revealed that counsel met with the petitioner three or four times prior to entry of the guilty plea. Both counsel and the petitioner testified that they met and discussed the case on multiple occasions. Their meetings included discussion about the pending charges, the search of the petitioner's home, the petitioner's version of facts, his prior convictions, and possible enhancement factors.

Counsel testified that she reviewed the plea agreement with the petitioner, and she said that it was his decision to plead guilty. She maintained that she did not tell the petitioner that he had to plead guilty, that the petitioner did not appear to be mentally ill, and, further, that he understood all of the proceedings. The post-conviction court found that counsel and the petitioner discussed his potential exposure, based on his prior criminal record, which was potentially greater than the time he agreed to in his plea. The State argues that the petitioner has failed to show any deficiency by counsel, and we agree. Counsel met with the petitioner, conveyed to him the information pertinent to his situation so that he could make an informed decision, explained the plea agreement to him, and advised him regarding his plea. The petitioner's allegations that counsel was ineffective for not adequately meeting with him, not fully discussing the plea agreement with him, and for forcing him to enter a plea are without merit.

Next, the petitioner contends that counsel was ineffective for failing to have him mentally evaluated prior to entering the plea. The State argues that the petitioner failed to provide any evidence during the post-conviction hearing that he had any sort of mental illness or that he was unable to understand the plea agreement. After review, we agree.

Counsel testified that the petitioner did not give any appearance that he was mentally ill or that he did not understand the proceedings. She did say that he was "not the sharpest knife in the drawer" but that he did understand the process. She testified that he had been to prison before, was familiar with the vernacular, and knew how much time it would take to complete his sentence. The State also points out that the post-conviction court reviewed the petitioner's handwritten letters regarding counsel's representation and determined that he was "not unintelligent." Here, the

petitioner has not met his burden of demonstrating that counsel was ineffective for failing to request a mental evaluation. He has provided no documentation or evidence to support his claim and, therefore, has failed to meet his burden of proof.

Finally, the petitioner contends that counsel was ineffective for failing to file a motion to suppress. However, he does not state what counsel should have attempted to suppress in his brief. This issue is waived as the petitioner has failed to argue what should have been suppressed.

The petitioner has failed to show that counsel was ineffective in any way; therefore, we affirm the judgment from the post-conviction court.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE